UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DON SAVAGE,

Plaintiff,

v.

ARANAS, *et al.*,

Defendants.

Case No. 3:17-cv-00612-MMD-CLB

ORDER

On May 21, 2021, the Court directed *pro se* Plaintiff Don Savage to provide an updated address pursuant to Local Rule IA 23-1, as it appears that Savage was paroled. (ECF No. 58.) The Court gave Savage 30 days to comply with its order and cautioned that failure to comply may result in dismissal of this action. (*Id.*) The 30-day period has now expired, and Savage has not filed an updated address or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Savage to file an updated address within thirty (30) days expressly stated: "Failure to comply with [LR IA 3-1] may result in dismissal of this action. Plaintiff shall have until June 24, 2021 to file a notice of change of address or this court will recommend that this action be dismissed." Savage had adequate warning that dismissal would result from his noncompliance with the Court's order to file an updated address within 30 days.

///

///

///

///

///

It is therefore ordered that this action is dismissed without prejudice based on Savage's failure to file an updated address in compliance with the Court's May 24, 2021 order.

It is further ordered that the Magistrate Judge Carla Baldwin's Report and Recommendation (ECF No. 62) is rejected as moot.

The Clerk of Court is directed to close this case.

DATED THIS 28th Day of June 2021.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE